## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 05 2018, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jacquese Andrew Chaney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 5, 2018

Court of Appeals Case No.
18A-CR-62

Appeal from the Marion Superior Court

The Honorable Jeffrey L. Marchal, Magistrate

Trial Court Cause No.
49G06-1608-F1-29908

**Barteau, Senior Judge.**

# Statement of the Case

[1] Jacquese Andrew Chaney appeals the seventy-five-year sentence the trial court imposed after determining he was guilty of one count of rape and two counts of attempted rape, all Level 1 felonies,[1] among other offenses. We affirm.

# Issue

[2] Chaney raises one issue, which we restate as: whether the trial court abused its discretion in imposing consecutive sentences for Chaney's convictions of rape and attempted rape.

# Facts and Procedural History

[3] Chaney was charged with several offenses, including attempted rape and robbery, arising from his attack on A.P. in Indianapolis on November 11, 2015. He was charged with additional offenses, including attempted rape, robbery and arson, arising from his attack on J.D. in Indianapolis on November 26, 2015. Finally, he was charged with numerous offenses, including rape and robbery, arising from his attack on H.A. in Indianapolis on November 29, 2015. In total, Chaney was charged with twenty-four offenses.

[4] Chaney waived his right to a jury trial, opting to be tried by the court. The court entered a judgment of conviction for thirteen offenses, including one

---

[1] Ind. Code §§ 35-42-4-1 (2014) (rape); 35-41-5-1 (2014) (attempt).

count of rape and two counts of attempted rape. At sentencing, the court identified aggravating and mitigating factors as follows:

> In determining an appropriate sentence, the Court has considered the evidence presented at trial, the information contained within the pre-sentence report, the written victim impact statement which I received, the testimony of the witnesses here today, and the arguments of counsel. Mr. Chaney, my comments are as much to you as it is to the victims and all the family members from each side who are here.

> I don't expect everybody here to agree with my sentence, but I think it's important for you all to know how I got there. This is not pulling numbers out of a hat, but it is also not an exact mathematical formula. The law says here are the ranges, here are the factors that I can consider to move those needles within the ranges. So there's a bit of art to it. I would like to think that in the time I've been here doing these cases I've got it right. But again, you may disagree.

> The one significant factor which I find in aggravation and which really drives the Court's sentence in this case is the fact that I'm not dealing with one victim. I am dealing with four, three of whom were sexually assaulted in a violent manner. That in and of itself justifies imposition of consecutive sentences in this case, and that's what I'm going to do. Now, there are factors that are in the defendant's favor. He does have mental health issues. He's got a prior diagnosis for Schizophrenia and PTSD among others. He self-reports having hallucinations and delusions. I'll also find that he has a history of substance abuse. The defense wants me to find his age, he was twenty at the time, to be a mitigating factor. I've got to say historically, I've kind of saved that for the teenagers, but for this argument, I'll give you that point, Mr. Borland. I don't think it affects what I'm going to do ultimately.

The criminal history can kind of cut either way. I hate to say this, but the fact that he's only got two priors is something we don't see often in this court. I usually get a laundry list of criminal history. One of them is a battery, and I have to be concerned about that because that's an act of violence, even though it's a misdemeanor. The other one, which is more concerning, is the fact that he's got a level 3 armed robbery in this court for which he received an executed DOC sentence. So, I'll put that one slightly in the aggravating category.

I do also note that he declined to participate in the presentence report interview. I am not considering that one way or the other. He doesn't have to. He doesn't have to make a statement, and he didn't. And I'm not going to hold that against him.

In terms of weighing aggravating and mitigators [sic], I think the mitigators very slightly outweigh those aggravating factors. But again, I'm back to the multiple victim scenario, and I think I need to craft a sentence so that each of the three sexual assault victims knows this is my sentence for him. He doesn't get a free victim here when it comes to rape, bottom line.

Tr. Vol. III, pp. 151-53.

The court imposed a sentence that included, in relevant part, twenty-five years for the rape conviction and twenty-five years for each conviction of attempted rape. The court ordered Chaney to serve the sentences for rape and attempted rape consecutively, for an aggregate sentence of seventy-five years. This appeal followed.

# Discussion and Decision

[6] Chaney argues his sentence is erroneous because the trial court mistakenly believed it was required by law to impose consecutive sentences for the charges of rape and attempted rape.

[7] The Indiana General Assembly has determined:

> A court may impose any sentence that is:
>
> (1) authorized by statute; and
>
> (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances.

Ind. Code § 35-38-1-7.1(d) (2015). During sentencing, "if the court finds aggravating circumstances or mitigating circumstances, [the court shall issue] a statement of the court's reasons for selecting the sentence that it imposes." Ind. Code § 35-38-1-3 (1983).

[8] When imposing a sentence for a felony offense, the trial court must issue "a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). We review the sentence for an abuse of discretion. *Sloan v. State*, 16 N.E.3d 1018, 1026 (Ind. 2014). The trial court abuses its discretion by (1) failing to issue a sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3)

omitting factors that are clearly supported by the record and advanced for consideration, (4) or by finding factors that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490-91.

[9] "It is a well established principle that the fact of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court *may* consider in imposing consecutive or enhanced sentences." *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001) (emphasis added). Whether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences if for no other reason than to preserve potential deterrence of subsequent offenses. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[10] Chaney claims the trial court wrongly believed it was required to impose consecutive sentences because the court stated, "I think I need to craft a sentence so that each of the three sexual assault victims knows this is my sentence for him. He doesn't get a free victim here when it comes to rape, bottom line." Tr. Vol. III, p. 153. We disagree with Chaney's reading of the trial court's statement. Based on our review of the trial court's discussion of aggravating and mitigating factors, as set forth above, the trial court did not misunderstand the law. Instead, the court determined that the existence of multiple victims "justifies imposition of consecutive sentences." *Id.* at 152. We conclude that the trial court's use of the word "need" reflects a determination that consecutive sentences were necessary under the facts and circumstances of the case rather than a belief that mandatory sentences were legally required.

The trial court recognized that it had the discretion to impose consecutive sentences, and we conclude the court acted within its discretion.

## Conclusion

[11] For the reasons stated above, we affirm the judgment of the trial court.

[12] Affirmed.

[13] May, J., and Mathias, J., concur.